IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RONALD JOHNSON                                                                                      PETITIONER
ADC #132972

V.                                    NO. 5:07cv00143 WRW-JWC

LARRY NORRIS, Director,                                                                          RESPONDENT
Arkansas Department of Correction

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

      1.    Why the record made before the Magistrate Judge is inadequate.

      2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted)  was not offered at the hearing before the Magistrate Judge.

      3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

Ronald Johnson, an Arkansas Department of Correction (ADC) inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry #2). Respondent has filed a motion to dismiss (docket entry #7), asserting that the petition is barred by the one-year statute of limitations applicable to federal habeas petitions. *See id.* § 2244(d). Petitioner has responded (docket entries #11, #12). For the reasons that follow, Respondent's motion to dismiss should be granted.

### I.
### Background

On May 17, 2005, Petitioner appeared in the Circuit Court of Pulaski County, Arkansas, and entered guilty pleas to two counts of manufacturing methamphetamine, two counts of possessing methamphetamine with intent to deliver, two counts of possessing drug paraphernalia with intent to manufacture, two counts of possessing drug

paraphernalia, and two counts of maintaining a drug premises. (Pet'r Ex. 4.)[1] He was sentenced as an habitual offender to ten years of imprisonment on each conviction, to run concurrently. (Pet'r Ex. 1, 4.) Amended judgments were entered on June 7, 2005. (Pet'r Ex. 2; Resp't Ex. A.) By pleading guilty, Petitioner waived his right to a direct appeal under Arkansas law. Ark. R. App. P.-Crim. 1(a) (2005).

On March 7, 2006, Petitioner filed in the circuit court a "Motion to Correct Mistake of Amended Judgment and Commitment Order to Reflect Act 1034 of 2005 to Apply 50% Law to Defendant's Sentence" (attached to docket entry #12). By order entered March 25, 2006, the motion was denied. *State v. Johnson*, Nos. CR 2003-947, CR 2003-2038 (Pulaski Co. Cir. Ct. Mar. 25, 2006) (attached to docket entry #12). There is no evidence or allegation that he appealed the denial or that he sought any other post-conviction relief in state court.

Petitioner now brings this federal habeas petition, arguing that his convictions and sentences were imposed in violation of the Fourteenth and Fourth Amendments to the United States Constitution. Specifically, he says the ADC records department has informed him that his sentence is subject to a 70% "enhancement,"[2] which requires him to serve more time than what was agreed upon and understood by all parties when he

---

[1] Unless otherwise indicated, Petitioner's exhibits are attached to docket entry #2 and Respondent's exhibits are attached to docket entry #8.

[2] Under Arkansas law in effect at the time of the charged offenses, any person convicted of certain Class Y felonies, including the manufacture of methamphetamine or the possession of drug paraphernalia with the intent to manufacture methamphetamine, is not eligible for parole or community punishment transfer until he has served seventy percent of his sentence. Ark. Code Ann. § 16-93-611 (2003).

entered his negotiated pleas. He also challenges a search and seizure which presumably led to the charges at issue.

## II.
## Statute of Limitations

A federal habeas petition challenging a state court's judgment of conviction must be filed within one year of the date upon which the state judgment becomes final. 28 U.S.C. § 2244(d)(1). For purposes of the statute, a judgment becomes final upon the conclusion of all direct criminal appeals in the state court system or upon expiration of the time for seeking such review. *Id.* § 2244(d)(1)(A); *see Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998) (this includes the completion or denial of certiorari proceedings before the United States Supreme Court or, if certiorari is not sought, expiration of the time allotted for filing a petition for the writ). In the instant case, Petitioner pleaded guilty on May 17, 2005, and amended judgment and commitment orders were filed with the circuit court on June 7, 2005. (Pet'r Ex. 2, 4; Resp't Ex. A.) Petitioner's plea waived his right to direct review under Arkansas law, thereby making his judgments final at the time of entry. Filing deadlines fall on the anniversary date of the triggering event. *Wright v. Norris*, 299 F.3d 926, 927, n.2 (8th Cir. 2002). Therefore, the last day for Petitioner to file a timely federal habeas petition was June 7, 2006.

Assuming Petitioner placed his petition in the prison mailing system on the day he signed it, this habeas petition is deemed "filed" on June 5, 2007 (docket entry #2, at 2, 4), almost two years after entry of judgment and, therefore, outside the limitations period. *See* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (inmate filing is timely if deposited in the institution's internal mailing system on or before the last day for

filing); *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (timeliness of federal habeas petition measured from date delivered to prison authorities for mailing to court clerk).

Time consumed by properly filed post-conviction proceedings in state court does not count against the one-year limitations period.  28 U.S.C. § 2244(d)(2).  A state post-conviction application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  When a state post-conviction application is untimely, it was not "properly filed" and has no tolling effect.  *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).  Federal courts must determine independently whether state post-conviction proceedings are timely, even if the state courts treat them as such.  *Lewis v. Norris*, 454 F.3d 778, 780 (8th Cir.), *cert. denied*, 127 S. Ct. 515 (2006); *see Evans v. Chavis*, 126 S. Ct. 846, 852 (2006).

Under Arkansas law, all grounds for post-conviction relief are to be brought in a Rule 37 petition filed in the appropriate state circuit court.  Ark. R. Crim. P. 37.1(a), 37.2(b) (2005).  This includes claims that a sentence is illegal or was illegally imposed.  *Id.*  If a conviction has been obtained on a plea of guilty, a Rule 37 petition must be filed within ninety days of the date of entry of the judgment of conviction.  *Id.* 37.2(c).  Regardless of the label placed on it by a petitioner, a post-conviction petition raising claims cognizable under Rule 37 is considered by the state courts as having been brought pursuant to Rule 37 and is subject to the rule's prescribed time limitations.  *Lawhon v. State*, 942 S.W.2d 864, 866 (Ark. 1997) ("[O]nly the time limits set forth in Rule 37 govern when an illegal

sentence may be corrected."); *Bailey v. State*, 848 S.W.2d 391, 392 (Ark. 1993); *Walker v. State*, 676 S.W.2d 460, 461 (Ark. 1984). Rule 37's time limitations are jurisdictional, and relief cannot be granted on an untimely petition for post-conviction relief. *Shabazz v. State*, 199 SW.3d 77, 78 (Ark. 2004). Once it is determined that jurisdiction does not exist due to the untimeliness of a post-conviction petition, the case must be disposed of on that basis. *Maxwell v. State*, 767 S.W.2d 303, 305 (Ark. 1989).

Here, Petitioner filed – on March 7, 2006 — a "motion to correct" the amended judgments which had been entered on June 7, 2005. This clearly was more than ninety days after entry of the judgments. Although the circuit court addressed the merits of the motion, it had no jurisdiction to do so as the motion was untimely under Arkansas law. Therefore, the motion was not "properly filed" and had no tolling effect under § 2244(d)(2). *See Lewis*, 454 F.3d at 780-81 (federal statute of limitations not tolled by untimely Rule 37 petition even though state court addressed merits of the claims).

Furthermore, even if the motion was considered properly filed, the limitations period would be tolled only during the eighteen days the motion was pending, as well as the thirty-day period following denial during which Petitioner could have sought an appeal. Exclusion of those days from the timeliness calculation is insufficient to make this petition timely. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (state post-conviction application is pending until it "has achieved final resolution through the State's post-conviction procedures"); *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir. 2002) (post-conviction application is not "pending" between the date direct review concludes and the date an application for state post-conviction relief is filed); *Williams v. Bruton*, 299 F.3d 981, 983-84 (8th Cir. 2002) (post-conviction application remains "pending" during the period for taking an appeal, even

if petitioner does not do so); Ark. R. App. P.-Crim. 2(a)(4) (notice of appeal must be filed within thirty days from entry of order denying Rule 37 petition).

Petitioner alleges that he "just recently found out" from the ADC that the seventy percent requirement had been applied to him. The one-year limitations period may begin running later where an unconstitutional state-created impediment has prevented the petitioner from timely filing, or where he could not have discovered the underlying factual predicate for his claims earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B) & (D).[3] However, his amended judgments, entered three weeks after his plea hearing, contain the clear notation of "70%" regarding his convictions for manufacturing methamphetamine and possessing drug paraphernalia with intent to manufacture. (Resp't Ex. A; Pet'r Ex. 2.) Moreover, it is apparent that Petitioner knew as soon as March 2006, when he filed his motion to correct, that the ADC was applying the seventy percent rule to computation of his imprisonment term. This was well within the one-year period for filing a federal habeas petition, and there is no allegation that the ADC or any state actor impeded him from seeking federal habeas relief at that time. Even after his motion was denied, he still had time to file within the one-year limitations period and did not do so. Additionally, the alleged late disclosure of the 70% requirement does not explain his delay in bringing his search-and-seizure claim. Sections 2244(d)(1)(B) and (D) are inapplicable.

---

[3] A third provision for a delayed starting date, § 2244(d)(1)(C), is inapplicable as Petitioner does not identify any United States Supreme Court case announcing a newly recognized constitutional right that has been made retroactively applicable to cases on collateral review.

Section 2244(d)'s one-year provision is a true statute of limitations, rather than a jurisdictional bar, and is thus subject to equitable tolling in addition to the mechanisms specified by statute. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). A habeas petitioner seeking to equitably toll the federal limitations period bears the burden of establishing (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented a timely filing. *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (assuming without deciding that § 2244(d) allows for equitable tolling).

Equitable tolling affords "an exceedingly narrow window of relief" and is not justified by a petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about or miscalculations of the federal limitations period. *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004); *see Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 855-56 (8th Cir. 2003) (no equitable tolling where petitioner did not check on status of pending state-court complaint or file timely concurrent federal habeas petition). Where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inapplicable because Congress is presumed to have considered such equities in enacting the limitations period and the enumerated statutory provisions. *Jihad v. Hvass*, 267 F.3d 803, 806-07 (8th Cir. 2001).

Petitioner has not shown the existence of any extraordinary circumstances beyond his control that would entitle him to equitable tolling.

In summary, this petition was filed outside the one-year limitations period provided in § 2244(d), and Petitioner has not demonstrated that the period should be tolled or

extended under any statutory provision or equitable principles. Therefore, the petition should be denied as untimely.

### III.
### Motions for Hearing and Appointment of Attorney

Petitioner has moved for appointment of an attorney (docket entry #12) and for an evidentiary hearing on the merits of his claims (docket entries #3, #11). His motions should be denied.

There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, it is committed to the discretion of the trial court. *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000); *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *see also* Rule 8(c), Rules Governing § 2254 Cases in United States District Courts; 18 U.S.C. § 3006A(a)(2) (counsel may be appointed when "the interests of justice so require"). Petitioner has demonstrated that he understands the issues and has been capable of presenting his claims and replying to Respondent's arguments for dismissal. Under these circumstances, appointment of counsel is not warranted. Furthermore, because his petition is clearly untimely, no purpose would be served by inquiring into the merits of his claims by way of an evidentiary hearing. *Hatcher v. Hopkins*, 256 F.3d 761, 764 (8th Cir. 2001); *see* § 2254 Rule 8(a).

### IV.
### Conclusion

For the foregoing reasons, this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #2) is untimely and should be **denied**, as should Petitioner's motions for

appointment of counsel and for an evidentiary hearing (docket entries #3, #11, #12). Respondent's motion to dismiss (docket entry #7) should be **granted**, thereby dismissing this action in its entirety with prejudice.

DATED this 9th day of November, 2007.

_____
UNITED STATES MAGISTRATE JUDGE